UNITED STATES of America

v.

Bertram L. POTEMKEN, personal representative of the Estate of Armstead S. Wayson; Kenneth A. Wayson; David S. Wayson; and Bertram L. Potemken, Trustees, of the Armstead and Margaret Wayson Trust; Rip's Inc.; Rip's Motel, Inc.; Bertram L. Potemken; Kenneth A. Wayson; David S. Wayson; Stanley S. Kwiatowski and Ann Kwiatowski; Larue Wayson Dillon Paez (formerly Larue Wayson Riva); First National Bank of Southern Maryland; Sharon Saving & Loan Association; and Baltimore Federal Savings & Loan Association;

3809 Crain Limited Partnership, Intervening Defendant.

SHARON SAVING & LOAN ASSOCIATION

v.

UNITED STATES of America.

Civ. No. S 82–2719.

United States District Court, D. Maryland.

Aug. 22, 1988.

Breckinridge L. Willcox, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., for plaintiff; Gregory S. Hrebiniak, U.S. Dept. of Justice, Tax Div., Washington, D.C., of counsel.

Theodore C. Denick, Lawrence J. Gebhardt, Lewis S. Goodman, Gebhardt & Smith, Baltimore, Md., for Sharon Saving & Loan Assoc.

Harry D. Shapiro, Jean E. Kilpatrick, Venable, Baetjer & Howard, Baltimore, Md., for Baltimore Federal Sav. & Loan Ass'n.

Franklin T. Caudil, Semmes, Bowen & Semmes, Baltimore, Md., for First Nat. Bank of Southern Md.

F. Robert Troll, Jr., Ross, Marsh & Foster, Rockville, Md., for Rip's Motel, Inc., Kenneth A. Wayson, David A. Wayson, Individually and trading as East Central Distributors, and as Trustees of the Armstead Wayson Trust, and Bertram L. Potemken, Individually and as Trustee of the Armstead Wayson Trust.

John Wheeler Glenn, O'Connor, Preston, Glenn & Smith, P.A., Baltimore, Md., for Potemken.

Wayne T. Kosmerl, Annapolis, Md., for Kwiatowski & Larue Paez.

Kenneth A. Wayson, Davidsonville, Md., pro se.

Frederick R. Franke, Jr., Annapolis, Md., for Intervening defendant 3809 Crain Ltd. Partnership.

## MEMORANDUM

SMALKIN, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment, which have been fully briefed. No oral hearing is necessary. Local Rule 6, D.Md. The Court will omit any extended statement of the facts, because they have already been adequately stated in the several opinions of this Court and the Fourth Circuit.

■ It is undisputed that the Government had acquired certain general tax liens, enforceable under 26 U.S.C. § 6321, on account of the non-payment of taxes by the Wayson interests. It is also undisputed that the Deed of Trust (whose foreclosure resulted in the purchase of what has become known as the Prince George's County property by the Intervenor, with both notice and knowledge of tax liens asserted against it) was entered into before notice of the § 6321 general liens was filed. Therefore, if the holders of the Deed of Trust qualified as "holders of a security interest" under 26 U.S.C. § 6323(a), the general tax liens—the only ones remaining in this suit—would not be enforceable against them and the plaintiff would take junior to the Deed of Trust and the purchasers thereunder.

The Court is convinced, however, from the undisputed record and the pertinent law that the Deed of Trust is subordinate to the Government's § 6321 general tax lien, because the deed of trust does not qualify as a security interest, as defined in 26 U.S.C. § 6323(h)(1).

A security interest under § 6323(h)(1) exists only when it is perfected under local law and only "to the extent that ... the holder has parted with money or money's worth...." There is no question that the Deed of Trust was properly recorded under Maryland law, and the only issue is whether "the holder ha[d] parted with money or money's worth." The pertinent Internal Revenue Regulation, 26 C.F.R. § 301.6323(h)–1(a)(3), sheds light on this question. If there is a contemporaneous exchange of some consideration "reducible to a money value," the holder of the security interest has clearly parted with money or money's worth. In this case, there was no contemporaneous exchange. Even though there might have been consideration for the execution of the Deed of Trust sufficient under contract law, in the form of forebearance from prosecution or other consideration that the law regards as sufficient to support a contract, it is obvious that such consideration is *not* "reducible to a money value," and hence does not qualify under regulation § 301.6323(h)–1(a)(3).

■ The only remaining question is whether the several million dollars improperly diverted from the beneficiary of the Deed of Trust (the bank) by the Wayson interests in preceding years could constitute qualifying consideration under the regulation. The money was taken from the bank, and, correspondingly, any obligation to repay on behalf of the Wayson interests arose, well prior to the execution of the Deed of Trust. The Deed of Trust was executed only after criminal investigation

had commenced of the Wayson interests and after the bank was on the verge of collapse due to the Wayson manipulations. Thus, to the extent that the Deed of Trust can be said to rest upon the debt incurred to the bank on account of the Wayson interests' money manipulations, a species of "past consideration" is involved. Past consideration, if reducible to money value, is qualifying consideration under § 301.6323(h)–1 "if, under local law, past consideration is sufficient to support an agreement giving rise to a security interest." (The Court assumes that this past consideration is reducible to money value.)

Under the law of Maryland, past consideration is not sufficient to support the grant of a security interest in real property. Under Maryland law, the general rules of contract consideration apply with regard to security interests in real property. Maryland Law Encyclopedia, *Mortgages* § 16 (1961). Under the general law of Maryland pertaining to past consideration, a new promise cannot be premised upon past consideration, unless there was some understanding at the time that there would be some repayment or other performance on the part of the purported promisor. *See id., Contracts* § 80. It is clear, from the record, that at the time the First National Bank of Southern Maryland and the Wayson interests were jointly engaged in money manipulations, there was *no* understanding that the money would be repaid by the Wayson interests, and no one could seriously maintain the contrary on the undisputed record of this case.

For the reasons stated, then, the Court holds that the Deed of Trust in question on the Prince George's County property is not a qualifying security interest under 26 U.S.C. § 6323(a) and (h)(1), and that the general federal tax lien of 26 U.S.C. § 6321 takes priority over the Deed of Trust and purchasers under it. Consequently, the Intervenor purchased subject to the federal tax liens, and the Intervenor is not entitled to summary judgment, whereas the United States is. Therefore, an order will be entered separately, denying the Intervenor's motion for summary judgment and granting the plaintiff's motion for summary

judgment. The order will direct the plaintiff to submit an appropriate form of judgment for consideration by the Court within 10 days of its date of entry.